Filed 1/23/24  P. v. Carter CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082086 |
| v. | (Super.Ct.No. FVI23000307) |
| CORNELIUS CARTER, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Cornelius Carter, Jr. was charged by information with carrying a loaded firearm in a vehicle by a felon (Pen. Code,[1] § 25850, subds. (a), (c)(1), count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1), count 2), and unlawful possession of ammunition (§ 30305, subd. (a)(1), count 3).{CT 14-17}  Pursuant to a plea agreement, he pled no contest to all three counts.  The court withheld pronouncement of judgment and placed him on formal probation for 24 months under specified terms, including that he serve 270 days in county jail or the work release program, with credit for time served.{RT 18-23, CT 7-18}  The probation department subsequently alleged that defendant violated his probation, and the court revoked his probation and issued a bench warrant.{CT 33}  Defendant later admitted he violated his probation.{RT 26-27}  The court reinstated him on probation and ordered him to serve 270 days in county jail, with credit for time served.{RT 26-27}

Defendant filed a notice of appeal.{CT 48}  We affirm.

## PROCEDURAL BACKGROUND

On February 7, 2023, defendant was charged by information with carrying a loaded firearm in a vehicle by a felon (§ 25850, subds. (a), (c)(1), count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1), count 2), and unlawful possession of ammunition (§ 30305, subd. (a)(1), count 3).{CT 14-17}

---

[1]  All further statutory references will be to the Penal Code, unless otherwise indicated.

On April 4, 2023, defendant entered a plea agreement. Before accepting the plea, the court confirmed with him that he initialed and signed the plea form and that he understood he was pleading no contest to all three counts, in exchange for being placed on probation for two years and serving 270 days in custody or work release. The court noted he already had 112 days of custody credits (56 actual and 56 conduct) and stated he could just do "the rest of it . . . on the weekend."{RT 16} Defense counsel informed the court they had discussed that defendant could "do the weekend work release Saturday and Sunday or during the week or ankle monitoring," and added, "That will be between him and Glen Helen."{RT 16} The court went over defendant's rights with him, and defendant waived them. The court confirmed that defendant had enough time to go over the plea form with his attorney and understood his rights, potential defenses, penalties, and future consequences. Defense counsel agreed and joined in the waivers. The court read the charges in counts 1 through 3, and defendant orally entered a plea of no contest to all counts; defense counsel joined, and the court accepted. The parties stipulated there was a factual basis for the plea, and the court found that defendant knowingly, intelligently, and voluntarily entered his plea.{RT 14-20, CT 18-23}

Pursuant to the plea agreement, the court suspended imposition of judgment and placed defendant on probation for 24 months under specified terms and conditions, including that he serve 270 days in county jail or the weekend work release program, with credit for time served of 112 days. The court stated the weekends would start on June 2, 2023 and ordered him to report to probation within 48 hours. His conditions

3

included the requirement that he report to Glen Helen Rehabilitation Center by June 2.{RT 20-22, CT 21-23, 33}

On June 6, 2023, defendant appeared in court seeking to withdraw his plea. The court appointed him counsel from the conflict panel to advise him. Defendant conferred with counsel, who explained he had no legal basis to withdraw his plea. The court accepted that representation and ordered defendant to report to probation that day.{RT 23-25}

On June 26, 2023, probation was revoked and a bench warrant was issued for defendant's arrest for his failure to report.{CT 33, 36-37} On July 8, defendant was arrested on the warrant, and on July 10, the court indicated it was being alleged that defendant was in violation of his probation. Defendant denied violating his probation, and the court set a probation revocation hearing for July 13.{CT 25} The court then continued the hearing to August 8, and referred the matter to the probation department for a supplemental report and recommendation.{CT 27, 33}

On August 8, 2023, defendant waived his right to a revocation hearing and admitted he violated his probation; his counsel joined. The court found defendant in violation of his probation and reinstated him on probation, with the following modification—that he serve 270 days in county jail, with credit for time served of 75 actual days plus 74 conduct credits.{RT 26-27}

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979)

4

25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potential arguable issues: (1) whether the court properly advised defendant of his rights before accepting his admission of the violation of his probation terms; and (2) whether the court erred by imposing a sentence of 270 days "straight custody" or whether it was required to impose the sentence previously imposed.{AOB 7-8} Counsel has also requested this court undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____<br>J.

We concur:


McKINSTER _____
   Acting P.J.



MILLER _____
    J.


5